**92-2410.** Blaschak v. Union Savings Bank & Trust Co. *Jefferson County*, No. 91-J-7. This cause is pending before the court on the filing of a motion for an order directing the Court of Appeals for Jefferson County to certify its record. Appellant's request for extension of time to file a memorandum in support of jurisdiction was denied by this court on February 24, 1993. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*.

**92-2442.** State v. Mayle. *Franklin County*, No. 92AP-403. This cause is pending before the court on the filing of a motion for leave to appeal from the Court of Appeals for Franklin County. Appellant's request for extension of time to file a memorandum in support of jurisdiction was denied by this court on February 17, 1993. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*.

**92-2597.** State v. Frambach. *Lorain County*, No. 92CA005395. Cause dismissed, on appellant's application to dismiss, effective May 6, 1993.

**92-2629.** Dressler v. Dressler. *Portage County*, No. 91-P-2312. This cause is pending before the court on the filing of a motion for an order directing the Court of Appeals for Portage County to certify its record. Appellant's request for extension of time to file a memorandum in support of jurisdiction was denied by this court on January 29, 1993. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*.

**93-729.** Rudy v. Loral Defense Sys. *Summit County*, No. 15701. This cause is pending before the court on the filing of a motion for an order directing the Court of Appeals for Summit County to certify its record and was considered in a manner prescribed by law. On application of appellee, this cause is hereby dismissed for lack of prosecution pursuant to Section 1, Rule II of the Supreme Court Rules of Practice, effective May 6, 1993.

**93-733.** State v. Dickinson. *Lake County*, No. 92-L-086. Cause dismissed, on appellant's application for dismissal, effective May 5, 1993.

*Thursday, May 13, 1993*

## MISCELLANEOUS DISMISSALS

**92-1405.** State v. McIntyre. *Summit County*, No. 15348. *Sua sponte*, cause dismissed for want of prosecution, effective May 7, 1993.

**92-2132.** Duffy v. Willoughby Hills Bd. of Bldg. & Zoning Appeals. *Lake County*, No. 91-L-068. *Sua sponte*, cause dismissed for want of prosecution, effective May 7, 1993.

**92-2201.** Ward v. Witzman. *Stark County*, No. CA-9018. This cause is pending before the court on the filing of a motion for an order directing the Court of Appeals for Stark County to certify its record. Appellants' motion for leave to file instanter and motion for leave to exceed the page limitation on their memorandum in support of jurisdiction were denied by this court on March 17, 1993. It appears from the records of this court that appellants have not filed a memorandum in support of jurisdiction in compliance with the Rules of Practice of the Supreme Court and therefore have failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective May 7, 1993.